# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 05/19/2022 05:26:29 PM.
30-2022-01260527-CU-WT-NJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACIÓN JUDICIAL)

| | |
|---|---|
| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE BOEING COMPANY, a Delaware corporation; and DOES 1
through 150, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAEL GRIZZLE, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | Orange County Superior Court<br>North Justice Center<br>1275 North Berkeley Avenue<br>Fullerton, CA 92832 | CASE NUMBER:<br>*(Número del Caso):* | 30-2022-01260527-CU-WT-NJC<br>Judge Donald F. Gaffney |
|---|---|---|---|
| Orange County Superior Court<br>~~700 W. Civic Center Dr., Santa Ana~~ | | | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Darren J. Campbell, Chris M. Heikaus Weaver, 2030 Main St., Ste. 1300, Irvine, CA 92614, (949) 236-4626

| DATE: 05/19/2022 | | Clerk, by | *Katie Trent* | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*   Katie Trent

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* THE BOEING COMPANY, a Delaware corporation

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Electronically Filed by Superior Court of California, County of Orange, 05/19/2022 05:26:29 PM.
30-2022-01260527-CU-WT-NJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.



Darren J. Campbell, Bar No. 223088
Chris M. Heikaus Weaver, Bar No. 231907
**Aitken Campbell Heikaus Weaver, LLP**
2030 Main St., Suite 1300
Irvine, California 92614
Telephone: (949) 236-4626
Facsimile:  (949) 608-1562

Attorneys for Plaintiff
MICHAEL GRIZZLE

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF ORANGE**

| | |
|---|---|
| MICHAEL GRIZZLE, an individual, | Case No.   30-2022-01260527-CU-WT-NJC |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| THE BOEING COMPANY, a Delaware corporation; and DOES 1 through 150, inclusive, | 1. RETALIATION (GOVT CODE §§ 12940 ET SEQ.)<br>2. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br>3. UNLAWFUL BUSINESS PRACTICES (BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ.) |
| Defendants. | |
| | **Assigned for All Purposes** |
| | Judge Donald F. Gaffney |

1

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

## GENERAL ALLEGATIONS

1.      At all times material to this Complaint, Plaintiff Michael Grizzle (hereinafter "Plaintiff") was a resident of Orange County, California.

2.      At all times material to this Complaint, Defendant The Boeing Company (hereinafter "Boeing") was a California corporation with a principal place of business in Huntington Beach, California and doing business in Orange County, California.

3.      Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, including those designated herein as DOES 1 through 150, inclusive, are responsible in some manner for the occurrences and happenings, as well as such acts and omissions as are more fully alleged herein, and that Plaintiff's injuries, damages and losses, as alleged below, were and are the direct and proximate result of the actions or omissions of said Defendants.

4.      Furthermore, each of the Defendants are sued as the principals, agents, partners, servants, employees, officers, directors, subsidiaries, corporate affiliates, alter egos, joint employers conspirators and co-conspirators, joint ventures of each of the remaining Defendants.  Each of the Defendants were acting within the course, scope and authority of such relationship, and with the knowledge, consent, approval or ratification of the remaining Defendants.

5.      DOES 1 through 150 are sued under the fictitious names pursuant to the Code of Civil Procedure section 474.  Plaintiff is informed and believes and on that basis alleges, that each Defendant sued under such fictitious names is in some manner responsible for the wrongs and damages as alleged below, and in so acting was functioning as the agent, servant, partner and employee of the other Defendants and in doing the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee with the permission and consent of the other Defendants.

6.      In November 1995, at the age of 21, Plaintiff began working for McDonnell Douglas (which later merged with Boeing) as a Plant Protection Officer/Fire Fighter.

7.      Plaintiff's performance as a fire fighter was always exceptional.  During his employment with Boeing, Plaintiff never received a negative performance review.  In fact, Plaintiff achieved the highest seniority possible as a Fire Fighter in 2010.

8.      Plaintiff and Mark Anthony Williams were co-workers since approximately 1995 and worked the

2

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1    same shift together from 2010-2017.  Mr. Williams was originally employed by Boeing as a Plant

2    Protection/Security Officer and in approximately 2010 continued his employment as a Fire Protection

3    Officer.

4    9.        During their employment, Plaintiff and Mr. Williams' relationship was so close that they would

5    often share personal conversations both at work and while off duty.

6    10.      Unbeknownst to Plaintiff, beginning in or around 2014, Mr. Williams began to surreptitiously, and

7    without the consent of all involved, record locker room and lunchtime conversations, including private

8    conversation in which Plaintiff was a participant.

9    11.      In early 2019, Plaintiff was informed that Mr. Williams had made a complaint to Boeing regarding

10   race-based discrimination and harassment.  In March 2019, Boeing conducted an investigation into Mr.

11   Williams' allegations.  Plaintiff fully cooperated in Boeing's investigation.  As part of that investigation,

12   Boeing asked Plaintiff to sign a statement concerning his recollections of the events relating to Mr.

13   Williams' allegations of discrimination and harassment.

14   12.      Plaintiff did his best to provide Boeing with a full account of his recollections regarding the

15   allegations made by Mr. Williams.  At the time of his initial interview in March 2019, Plaintiff did not

16   recall anyone ever using the "N" word or any derivation of that word in his presence in the workplace.

17   Moreover, during the investigation, Boeing did not provide Plaintiff with any documentation or recordings

18   that would assist Plaintiff in refreshing his recollection of the use of such language in the workplace.

19   13.      On or about August 8, 2019, after conducting its investigation regarding Mr. Williams' allegations,

20   Boeing provided Plaintiff with a written warning concerning his behavior vis-à-vis Mr. Williams based on

21   its March 2019 investigation.

22   14.      On or about August 6, 2019, Plaintiff is informed and believes and based thereon alleges that Mr.

23   Williams filed a lawsuit against Boeing in which Plaintiff was also named as a defendant.  Plaintiff is

24   further informed and believes and based thereon alleges that shortly after filing the lawsuit, Mr. Williams

25   dismissed Plaintiff as a defendant on August 28, 2019.  However, Mr. Williams' claims against Boeing

26   continued.

27   15.      As Mr. Williams' case continued through litigation, Boeing's counsel interviewed Plaintiff on or

28   about January 15, 2020.  After participating in that interview with Boeing's counsel in connection with Mr.

3

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1   Williams' FEHA claims, Boeing later disciplined Plaintiff by placing him on a leave of absence without

2   pay for two days issued on June 12, 2020.

3   16.   On May 10, 2021, Mr. Williams' attorney deposed Plaintiff.  As required by the oath that he took,

4   Plaintiff told the truth regarding his recollection of conversations and events that had occurred almost years

5   previously.  Indeed, when Mr. Williams' attorneys asked him specific questions regarding topics from the

6   recordings that Plaintiff had only recently heard, Plaintiff testified truthfully regarding the substance of

7   those recordings.

8   17.   Plaintiff is informed and believes and based thereon alleges that everything that Plaintiff testified

9   about on May 10, 2021 was known to Boeing prior to the deposition and was also known to Boeing prior

10  to Boeing implementing discipline against Plaintiff on or about June 12, 2020.

11  18.   Following the completion of his deposition, which specifically related to the allegations made by

12  Mr. Williams regarding his claims of discrimination and harassment under California's FEHA, Boeing

13  terminated Plaintiff's employment on September 15, 2021.  Plaintiff is informed and believes and based

14  thereon alleges that Boeing terminated his employment as a direct result of the truthful testimony he

15  provided concerning the allegations asserted by Mr. Williams regarding his claims of discrimination and

16  harassment under California's FEHA.

17  19.   Since September 15, 2021, Plaintiff has been unable to find new employment.  Indeed, due to

18  Boeing wrongfully terminating his employment, Plaintiff is unable to obtain new employment with local

19  city or county jobs.

20  **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

21  20.   On or about April 11, 2022, Plaintiff had a complaint filed against Defendants with California's

22  Department of Fair Employment and Housing ("DFEH") alleging multiple violations of California's Fair

23  Employment and Housing Act ("FEHA").  Plaintiff immediately received a Right To Sue notice from the

24  DFEH, which is attached hereto as Exhibit A.

25  **FIRST CAUSE OF ACTION**

26  **RETALIATION (GOVT CODE §§ 12940 ET SEQ.)**

27  (Against All Defendants)

28  21.   Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if

4

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1   fully set forth herein.

2   22.     At all times herein mentioned, the FEHA, embodied in Government Code section 12940 *et seq.*,

3   was in full force and effect.  The FEHA prohibits employers from retaliating against employees who

4   engage in protected activity.  FEHA, as set forth in California Government Code section 12940(h),

5   prohibits an employer from retaliating against an employee "because the person has filed a complaint,

6   testified, or assisted in any proceeding under this part."  CAL. GOV'T CODE § 12940(h).

7   23.     Plaintiff believes and thereon alleges that Defendants were qualified employers subject to the

8   requirements of the FEHA.

9   24.     On May 10, 2021, Plaintiff testified or assisted in a proceeding under California's FEHA in a

10   deposition in Mr. Williams' FEHA-based race discrimination and harassment lawsuit.  Plaintiff is

11   informed and believes and based thereon alleges that his testimony in that deposition was protected activity

12   pursuant to California Government Code section 12940(h).

13   25.     After providing his testimony, Boeing terminated Plaintiff's employment.  Plaintiff's termination

14   was the result of Boeing retaliating against him for the testimony he provided in his co-worker's race

15   discrimination and harassment case.

16   26.     The causal nexus between his deposition testimony and the termination decision is clear.  Indeed,

17   Plaintiff was told by his superiors at Boeing that he was being terminated as a direct result of his

18   testimony.

19   27.     As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has sustained, and

20   continues to sustain, damages in the form of lost income and emotional distress in an amount to be

21   ascertained according to proof at trial.

22   28.     Moreover, Plaintiff is entitled to attorneys' fees and costs for bringing suit alleging these violations.

23   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees as a result of his FEHA

24   claims against Defendants.  Plaintiff is presently unaware of the precise amount of these expenses and fees,

25   but seeks an award of attorneys' fees and costs according to proof at trial.

26   29.     Defendants' unlawful retaliation against Plaintiff in violation of the FEHA was willful and

27   malicious and in conscious disregard of Plaintiff's rights with the intent to vex, injure and annoy him, such

28   as to constitute oppression, fraud and/or malice under California Civil Code section 3294.  Defendants'

5

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1   conduct, as described above, was carried out by its officers, directors and or/managing agents, whose

2   conduct was knowingly authorized and ratified by the officers, directors and/or managing agents of

3   Defendants.  Accordingly, Plaintiff is entitled to punitive damages in an amount appropriate to punish and

4   make an example of Defendants.

**SECOND CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

(Against All Defendants)

8   30.    Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if

9   fully set forth herein.

10   31.    At all times herein mentioned, the California's FEHA, embodied in Government Code section

11   12940 was in full force and effect.  The FEHA prohibits employers from retaliating against employees who

12   engage in protected activity.

13   32.    Plaintiff believes and thereon alleges that Defendant is a qualified employer subject to the

14   requirements of FEHA.

15   33.    On or about September 15, 2021, Defendant violated public policy by acting arbitrarily and

16   capriciously and terminating Plaintiff in violation of Plaintiff's rights under FEHA.

17   34.    The actual reason for Plaintiff's termination was based upon, among other things, the fact that on

18   May 10, 2021, Plaintiff testified in a deposition in Mr. Williams' FEHA-based race discrimination and

19   harassment lawsuit.  Plaintiff is informed and believes and based thereon alleges that his testimony in that

20   deposition was protected activity pursuant to California Government Code section 12940(h).

21   35.    Plaintiff believes and thereon alleges that any claims of misconduct or performance issues as

22   Defendants' basis for any disciplinary action against Plaintiff are pretextual and meant to disguise the

23   discriminatory reasons for his termination.

24   36.    As a direct and proximate result of Defendant, and each of their wrongful acts, Plaintiff was

25   terminated on or about September 15, 2021.

26   37.    As a direct and proximate result of Defendant, and each of their wrongful acts, Plaintiff has been

27   damaged in the loss of her employment benefits and the reasonable expectation of his continued

28   employment.

6

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

38.     As a further direct and proximate result of Defendant, and each of their wrongful acts, including the resulting and wrongful termination as aforesaid, Plaintiff has sustained and continues to sustain severe and serious injury, all to the Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof at the time of trial.

39.     As a further direct and proximate result of Defendant', and each of their wrongful acts, Plaintiff has been subjected to embarrassment and humiliation and has suffered and will continue to suffer, mental and emotional distress and discomfort all to his detriment and damage.

40.     Defendants' unlawful retaliation against Plaintiff in violation of the FEHA was willful and malicious and in conscious disregard of Plaintiff's rights with the intent to vex, injure and annoy him, such as to constitute oppression, fraud and/or malice under California Civil Code section 3294.  Defendants' conduct, as described above, was carried out by its officers, directors and or/managing agents, whose conduct was knowingly authorized and ratified by the officers, directors and/or managing agents of Defendants.  Accordingly, Plaintiff is entitled to punitive damages in an amount appropriate to punish and make an example of Defendants.

## THIRD CAUSE OF ACTION

### UNLAWFUL BUSINESS PRACTICES (BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ.)

(Against All Defendants)

41.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

42.     Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, engaged in unlawful, unfair, and fraudulent business practices as described herein, including but not limited to: violation of Labor Code sections 1197.5 and 1102.5, and engaging in acts of retaliation in violation of the FEHA (Govt. Code §§ 12940 *et seq.*)

43.     As a direct and proximate result of Defendants' and each of their unlawful, unfair and fraudulent business practices, Plaintiff has lost money in an amount that is presently uncertain but will be ascertained according to proof at trial.  Accordingly, Plaintiff seeks to enjoin Defendants, and each of them, from further unlawful, unfair, and fraudulent business practices.

**WHEREFORE, Plaintiff prays for judgment as follows:**

7

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1. General and compensatory damages including all lost wages, in a sum according to proof at time of trial;

2. Consequential and incidental damages in a sum according to proof at time of trial;

3. Damages for mental and emotional distress in a sum according to proof at time of trial;

4. General and special damages in a sum according to proof at time of trial;

5. Penalties in a sum according to proof at time of trial;

6. Payment of Plaintiff's reasonable and actual attorney fees in a sum according to proof at time of trial;

7. For costs of suit herein incurred;

8. Injunctive relief;

9. Pre-judgment interest at the legal prevailing rate;

10. Punitive and exemplary damages in a sum according to proof at time of trial;

11. Statutory penalties; and

12. For such other and further relief as the Court deems just and proper.

Dated:  May 19, 2022                    **AITKEN CAMPBELL HEIKAUS WEAVER, LLP**

By _____
Darren J. Campbell
Chris Heikaus Weaver
Attorney for Plaintiff
MICHAEL GRIZZLE

8

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL.

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

3   Dated:  May 19, 2022              AITKEN CAMPBELL HEIKAUS WEAVER, LLP

4

5                                     By
                                          Darren J. Campbell
6                                         Chris Heikaus Weaver
                                          Attorney for Plaintiff
7                                         MICHAEL GRIZZLE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

10
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                      KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 11, 2022

Michael Grizzle

,

RE:  **Notice to Complainant**
       DFEH Matter Number: 202204-16666211
       Right to Sue: Grizzle / The Boeing Company

Dear Michael Grizzle:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents.  If you do not have an attorney, you must serve the complaint yourself.
Please refer to the attached Notice of Case Closure and Right to Sue for information
regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of
Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing


Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                 KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 11, 2022

RE:   **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202204-16666211
       Right to Sue: Grizzle / The Boeing Company

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 11, 2022

Michael Grizzle

,

RE:   **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202204-16666211
       Right to Sue: Grizzle / The Boeing Company

Dear Michael Grizzle:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective April 11, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                        GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                        KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Michael Grizzle                                              DFEH No. 202204-16666211

                                        Complainant,

vs.

The Boeing Company
5301 Bolsa Ave.
Huntington Beach, CA 92647

                                        Respondents

_____

**1. Respondent The Boeing Company is an employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2. Complainant Michael Grizzle**, resides in the City of , State of .

**3. Complainant alleges that on or about September 15, 2021**, respondent took the following adverse actions:

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, participated as a witness in a discrimination or harassment complaint and as a result was terminated, asked impermissible non-job-related questions, denied any employment benefit or privilege.

**Additional Complaint Details:** Michael Grizzle began working for McDonnell Douglas (which later merged with The Boeing Company) at age 21 as a Plant Protection Officer/Fire Fighter in 1995. Mr. Grizzle's performance as a fire fighter was always exceptional. During his employment with Boeing, Mr. Grizzle never received a negative performance review. Indeed, Mr. Grizzle achieved the highest seniority possible as a Fire Fighter in 2010.

-1-
*Complaint – DFEH No. 202204-16666211*

Date Filed: April 11, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

Mr. Grizzle and Mark Anthony Williams were co-workers since approximately 1995 and worked the same shift together from 2010-2017.  Mr. Williams was originally employed by Boeing as a Plant Protection/Security Officer and then in approximately 2010 continued his employment as a Fire Protection Officer.

Unbeknownst to Mr. Grizzle, beginning in around 2014, Mr. Williams began to surreptitiously, and without the consent of all involved, record locker room and lunchtime conversations, including private conversation in which Mr. Grizzle was a participant.  By recording these conversations, Mr. Williams violated Boeing's policies, which should have resulted in his immediate termination.  Even though Mr. Williams admitted to violating Boeing's policy, Mr. Grizzle is informed that Mr. Williams was never even disciplined for his actions.

In early 2019, Mr. Grizzle was informed that Mr. Williams had made a complaint to Boeing regarding race-based discrimination and harassment.  In March 2019, Boeing conducted an investigation into Mr. Williams' allegations.  Mr. Grizzle fully cooperated in Boeing's investigation.  Mr. Grizzle did his best to provide Boeing with a full account of his recollections regarding the allegations made by Mr. Williams.  At the time of his initial interview in March 2019, Mr. Grizzle did not recall anyone ever using the "N" word or any derivation of that word in his presence in the workplace.  Moreover, during the investigation, Boeing did not provide Mr. Grizzle with any documentation or recordings that would assist Mr. Grizzle in refreshing his recollection of the use of such language in the workplace.  On August 8, 2019, Boeing provided Mr. Grizzle with a written warning concerning his behavior vis-à-vis Mr. Williams based on its March 2019 investigation.

Mr. Williams filed a lawsuit against Boeing on August 6, 2019.  As Mr. Williams' case continued through litigation, Boeing's counsel interviewed Mr. Grizzle on or about January 15, 2020.  After participating in that interview with Boeing's counsel in connection with Mr. Williams' FEHA claims, Boeing later disciplined Mr. Grizzle by placing him on a leave of absence without pay for two days issued on June 12, 2020.

During the course of Mr. Williams' lawsuit, Mr. Grizzle learned from Boeing's attorneys that he was to be deposed by Mr. Williams' counsel regarding his percipient knowledge of the facts underlying Mr. Williams' claims.  The week prior to the deposition, in early May 2021, Mr. Grizzle and other co-workers that were to be deposed by Mr. Williams' counsel were made aware that Mr. Williams had surreptitiously made audio and video recordings of their private conversations while at work in Boeing's Huntington Beach facility.

During this meeting, Boeing's counsel played the audio recordings for Mr. Grizzle and his co-workers and coached Mr. Grizzle and his co-workers on how to testify at deposition.  However, while Mr. Grizzle and his co-workers listened to the audio recordings multiple times, it was extremely difficult and confusing to ascertain who was saying what in the recordings and to determine who was present with respect to each of the recordings.  On May 10, 2021, Mr. Williams' attorney deposed Mr. Grizzle.  As required by the oath that he took, Mr. Grizzle told the truth regarding his recollection of conversations and events that had occurred almost a decade previously.  Indeed, when Mr. Williams' attorneys asked him

-2-

Date Filed: April 11, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

specific questions regarding topics from the recordings that Mr. Grizzle had only recently heard, Mr. Grizzle testified truthfully regarding the substance of those recordings.  Following the completion of his deposition, Boeing terminated Mr. Grizzle's employment a couple of months later, on September 15, 2021, and as a direct result of his deposition testimony.

Mr. Grizzle has suffered damages in the form of lost wages and benefits, emotional distress, and punitive damages for Boeing's unlawful and malicious acts against him.  Mr. Grizzle will also be entitle to attorneys' fees for his claims.

-3-
*Complaint – DFEH No. 202204-16666211*

Date Filed: April 11, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1 VERIFICATION

2 I, **Darren J. Campbell**, am the **Attorney** in the above-entitled complaint.  I have read

3 the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

4

5 On April 11, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

6 **Anaheim, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 -4-
*Complaint – DFEH No. 202204-16666211*

27

28 Date Filed: April 11, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

Electronically Filed by Superior Court of California, County of Orange, 05/19/2022 05:26:29 PM.
30-2022-01260527-CU-WT-NJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Darren J. Campbell, Bar No. 223088<br>Aitken Campbell Heikaus Weaver, LLP<br>2030 Main St., Suite 1300<br>Irvine, California 92614<br>TELEPHONE NO.: (949) 236-4626   FAX NO.: (949) 608-1562<br>ATTORNEY FOR *(Name):* Plaintiff, MICHAEL GRIZZLE | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange
STREET ADDRESS: Orange County Superior Court
MAILING ADDRESS: North Justice Center
CITY AND ZIP CODE: 1275 North Berkeley Avenue
BRANCH NAME: Fullerton, CA 92832

CASE NAME:
Michael Grizzle v. The Boeing Company, et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2022-01260527-CU-WT-NJC |
| | | JUDGE: Judge Donald F. Gaffney<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | [ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse<br>condemnation (14) | [ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | [ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05) | **Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21) |
| **Employment**<br>[✓] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Other petition *(not specified above)* (43) |

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* three (3)
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 19, 2022
Darren J. Campbell
_____          ▶  _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                                 CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 1275 N. Berkeley Ave<br>MAILING ADDRESS: 1275 N. Berkeley Ave<br>CITY AND ZIP CODE: Fullerton 92838<br>BRANCH NAME: North Justice Center | FOR COURT USE ONLY<br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE* |
|---|---|
| PLAINTIFF: Michael Grizzle | |
| DEFENDANT: The Boeing Company | May 20, 2022 |
| Short Title: GRIZZLE VS. THE BOEING COMPANY | Clerk of the Court<br>By: Katie Trent, Deputy |

| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2022-01260527-CU-WT-CJC |
|---|---|

Please take notice that a(n), Case Management Conference has been scheduled for hearing on 10/25/2022 at 09:00:00 AM in Department N16 of this court, located at North Justice Center.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

IMPORTANT: Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

IMPORTANTE: Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

QUAN TRỌNG: Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: *Katie Trent* _____ , Deputy

**NOTICE OF HEARING**                                                                                          Page: 1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | |
|---|---|
| North Justice Center<br>1275 N. Berkeley Ave<br>Fullerton  92838 | |
| **SHORT TITLE:** GRIZZLE VS. THE BOEING COMPANY | |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2022-01260527-CU-WT-CJC** |

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Fullerton , California, on 05/20/2022. Following standard court practice the mailing will occur at Sacramento, California on 05/23/2022.

Clerk of the Court, by: *Katie Trent* _____, Deputy

AITKEN CAMPBELL HEIKAUS WEAVER, LLP
2030 MAIN STREET # 1300
IRVINE, CA 92614

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 2

V3 1013a (June 2004)

Code of Civil Procedure , § CCP1013(a)

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

**SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE**

**ADR Information**

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. January 2010)                                                    Page 2 of 4

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

### TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate.**  If parties want to retain control over how their dispute is resolved, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

L1200 (Rev. January 2010)                                                                                 Page 3 of 4

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.**  Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.**  Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.**  Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials.  Sometimes parties will try a combination of ADR types.  The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE).  For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session.  For the ENE  program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session.   Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | *FOR COURT USE ONLY* |
|---|---|
| Telephone No.:                          Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name):*                          Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case
was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide
pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in
an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____         _____         _____
                                                   (SIGNATURE OF PLAINTIFF OR ATTORNEY)               (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____         _____         _____
                                                   (SIGNATURE OF DEFENDANT OR ATTORNEY)             (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                                                              California Rules of Court, rule 3.221
L1270 (Rev. January 2010)